UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH HWANG, an individual,<br><br>                Plaintiff,<br><br>     v.<br><br>NATIONWIDE LIFE AND ANNUITY INSURANCE COMPANY, an Ohio corporation; NATIONWIDE LIFE INSURANCE COMPANY, an Ohio corporation; and DOES 1 to 10, inclusive,<br><br>                Defendants. | Case No.: 3:23-cv-01666-WQH-VET<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION TO AMEND THE SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>[Doc. No. 22] |

      Before the Court is the parties' Joint Motion to Amend the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings (the "Joint Motion"). Doc. No. 22. Therein, the parties propose extending eleven (11) dates and deadlines and represent that a continuance is necessary to complete discovery. *Id.* at 3–4. The parties explain the depositions "will not be completed before the current discovery cut-off deadline of April 12, 2024, due to the unavailability of the deponents." *Id.* at 3. They also state that they have exchanged written discovery with responses due by April 17, 2024. *Id.* This is the parties' second request for a continuance, but their first request to continue discovery deadlines. *See* Doc. No. 20.

I. **LEGAL STANDARD**

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id*; *Adrian v. OneWest Bank, FSB*, 686 Fed. Appx. 403, 405 (9th Cir. 2017) (applied to joint motions); *Neidermeyer v. Caldwell*, 718 F. App'x 485, 489 (9th Cir. 2017) (moving party did not show good cause when he "offered no explanation for his undue delay").

Further, the required showing of diligence is measured by conduct displayed throughout the period of time already allowed. *See, e.g., Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010); *Krohne Fund, LP v. Simonsen*, 681 Fed. Appx. 635, 638 (9th Cir. 2017); *Lyles v. Dollar Rent a Car, Inc.*, 849 Fed. Appx. 659, 661 (9th Cir. 2021). "If the moving party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same). Further, Civil Local Rule 16.1(b) requires that counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." Civ.LR 16.1(b).

II. **ANALYSIS**

This action was filed on September 8, 2023. Doc. No. 1. Pursuant to the Court's Scheduling Order, the parties had over five months to conduct all fact discovery, including

working to schedule depositions and collect necessary records. Doc. No. 14. Yet the parties cite only to incomplete discovery: deposition notices for witnesses unavailable until after fact discovery cutoff and written discovery requests with responses due April 17, 2024, suggesting written discovery was not served until recently. Doc. No. 22 at 3. The parties do not explain when depositions were noticed or what scheduling difficulties ensued. Instead, they simply assert that deponents are unavailable. *Id.* Moreover, the responses to written discovery are due after the fact discovery cutoff of April 12, 2024. *See* Doc. No. 14 at 2. This means the parties failed to comply with the Court's Scheduling Order, which specified that "all discovery under Rules 30–36 of the Federal Rules of Civil Procedure… must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed by the cut-off date**, taking into account times for service, notice and response as set forth in the Federal Rules of Civil Procedure." *Id.*

Based on the parties' representations in the Joint Motion, it appears the parties failed to complete any discovery in the last five months. Indeed, the only discovery mentioned is incomplete, with expected written discovery responses due after the close of fact discovery, in violation of the Scheduling Order. There is also no explanation for such undue delay, including no declaration from counsel as required by the undersigned's Chambers Rules. *See Neidermeyer*, 718 F. App'x at 489. Absent additional facts, the parties fail to demonstrate the requisite diligence and corresponding good cause to support extending case deadlines as requested. Therefore, the Joint Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  April 12, 2024

Honorable Valerie E. Torres
United States Magistrate Judge