UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH HWANG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE LIFE AND ANNUITY INSURANCE COMPANY, an Ohio corporation; NATIONWIDE LIFE INSURANCE COMPANY, an Ohio corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-01666-WQH-VET<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION TO AMEND THE SCHEDULING ORDER**<br><br>[Doc. No. 27] |

Before the Court is the parties' Joint Motion to Amend the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Joint Motion"). Doc. No. 27. Therein, the parties seek to extend the deadline to complete fact discovery by forty-five (45) days, from May 28 to July 12, 2024. *Id.* at 4. They state that Plaintiff's deposition and Defendant's Fed. R. Civ. P. 30(b)(6) deposition (collectively "Remaining Depositions") could not be completed by the May 28 fact discovery cutoff due to deponents' unavailability. *Id.* at 3–4. They also state Plaintiff's counsel was in trial from April 26 to May 24, 2024. *Id.* at 4. This is the parties' third request for a discovery continuance. *See* Doc. Nos. 22, 24.

## I. LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id*; *Adrian v. OneWest Bank, FSB*, 686 Fed. Appx. 403, 405 (9th Cir. 2017) (applied to joint motions); *Neidermeyer v. Caldwell*, 718 Fed. Appx. 485, 489 (9th Cir. 2017) (moving party did not show good cause when he "offered no explanation for his undue delay").

Further, the required showing of diligence is measured by conduct displayed throughout the period of time already allowed. *See, e.g., Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010); *Krohne Fund, LP v. Simonsen*, 681 Fed. Appx. 635, 638 (9th Cir. 2017); *Lyles v. Dollar Rent a Car, Inc.*, 849 Fed. Appx. 659, 661 (9th Cir. 2021). "If the moving party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same). Further, Civil Local Rule 16.1(b) requires that counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." Civ.LR 16.1(b).

When a request for relief from case management deadlines is made *after* the relevant deadline expires, as is the case here, the party must demonstrate excusable neglect. *Branch Banking & Trust Co.*, 871 F.3d 764–65; *see also* Fed. R. Civ. P. 6(b)(1)(B) ("When an act

may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). The excusable neglect analysis is guided by factors that include: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Bella+Canvas, LLC v. Fountain Set Ltd.*, No. 2:21-cv-00758-ODW (MAAx), 2023 U.S. Dist. LEXIS 25259, at *9 (C.D. Cal. Feb. 14, 2023) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993)).

## II. ANALYSIS

Pursuant to the Court's first Scheduling Order, the parties had over five months to complete fact discovery, including the Remaining Depositions. Doc. No. 14 at 2. The Court denied without prejudice the parties' first request for an extension of fact discovery and other deadlines because they failed to offer facts demonstrating good cause. *See* Doc. No. 23. The Court granted a subsequent request and extended fact discovery to May 28, 2024, the date requested by the parties. *See* Doc. No. 26 at 2. Notably, the basis for the parties' request was the need to conduct the Remaining Depositions "due to the unavailability of deponents." Doc. No. 24 at 3. Further, when granting this extension, the Court advised that "further continuances are strongly disfavored absent new and additional supporting facts." Doc. No. 26 at 2.

The parties now seek an extension to conduct the *same* Remaining Depositions. *Compare* Doc. No. 24 *with* Doc. No. 27. They again cite to the "unavailability of deponents" as the basis for their request, but fail to offer any explanation as to why the deponents were unavailable, nor do they specify if either deposition was re-noticed after the Court granted the May 28 extension. In fact, it is unclear whether *any* action concerning the Remaining Depositions occurred since the Court's April 23 order granting the extension.

      The parties also note that Plaintiff's counsel was in trial from April 26 through May 24, 2024. However, the parties requested a May 28 deadline in their joint motion filed on April 16, just ten (10) days before Plaintiff's counsel began trial. *See* Doc. No. 24. They do not suggest or represent that this trial was unexpected, nor do they explain why they requested an extension that overlapped so closely with the trial.

      Furthermore, the parties do not explain why they failed to seek relief prior to the expiration of the fact discovery deadline. The parties filed the Joint Motion on May 31, 2024, three days after the May 28 fact discovery deadline. While prejudice to the parties is shared equally and the delay was relatively short, they offer no reason for the delay and make no representation as to good faith. Without any reason offered for the Court to evaluate, or even an acknowledgement that their request was untimely, the parties fail to demonstrate excusable neglect.

      In short, the parties failed to complete the Remaining Depositions after being provided the precise amount of additional time they requested. The declaration from counsel fails to describe steps either party took to move the depositions forward, why circumstances further delaying depositions were not apparent when requesting the May 28 extension, or why the parties did not file the Joint Motion before the fact discovery deadline expired. Absent additional facts, the parties fail to demonstrate the requisite diligence and corresponding good cause to support extending fact discovery as requested. They similarly fail to show excusable neglect to support the Joint Motion, made after the close of fact discovery. Therefore, the Joint Motion is **DENIED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED**.

      Dated:  June 7, 2024

Honorable Valerie E. Torres
United States Magistrate Judge